■ HAZEL E. COLLINS, Respondent, v. MALONE LODGE No. 1303 OF THE BENEVOLENT AND PROTECTIVE ORDER OF ELKS OF THE UNITED STATES OF AMERICA, INC., Appellant.— REYNOLDS, J. Appeal from a judgment of the Supreme Court, Franklin County, entered upon a verdict in favor of the respondent. On February 21, 1965 respondent, a 50 year old tenant in appellant's building, fell, sustaining a serious fracture, on an allegedly rutty driveway, controlled by appellant, which supplied a means of ingress and egress to her apartment. The instant record reveals evidence from which the jury could conclude that the condition of the driveway on February 21, 1965 was dangerous and hazardous, that the condition subsisted for a sufficient time so that appellant be deemed to have constructive notice of its existence and to have had ample time to remedy it (34 N. Y. Jur., Landlord and Tenant, § 464; *Doyle* v. *Streifer*, 34 A D 2d 183) and that the hazardous condition was the proximate cause of appellant's injury. We find no prejudice sufficient to warrant a reversal and a new trial in the fact three jurors inadvertently viewed three inadmissible photographs of the rutty road. The attempt by respondent's counsel to get before the jury subsequent repairs and other evidence connected thereto, was improper conduct and is not in the least condoned. We would reverse on this ground except for the fact that the trial court immediately sustained the objection by appellant's counsel and firmly instructed the jury to disregard the offered proof, before it was specifically connected with the driveway. Judgment affirmed, without costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J.

■ In the Matter of the Claim of DAVID S. PODLAS, Appellant, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— MEMORANDUM BY THE COURT. Appeal by the claimant from a decision of the Workmen's Compensation Board filed January 9, 1969, as amended by a supplemental decision filed April 30, 1969, which denied benefits to him. The claimant was injured while returning home from a party held by coemployees off the premises of the employer and not financed by the employer. The present record establishes that the party was nothing more than a spontaneous party in no way sponsored by management although some management personnel participated in organizing it. Although the claimant was an " outside " employee, it does not appear that his return home from the party was in any way a return home from his outside employment duties. The present record contains no substantial evidence that the party was connected with the employer-employee relationship, but to the contrary supports the factual finding of the board. Decision affirmed, without costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by the court.